BREAUX, J.
This action was brought by way of rulé to compel Mrs. Caria Thalsheimer to accept the title to a certain lot, with improvements thereon, in square bounded by Canal, France, Franklin, and Customhouse streets, which lot is at the corner of *27 Oanal and France. It was adjudicated to Mrs. Thalsheimer for the price of $11,000. She refused to accept title on various grounds. The most serious, and that which was argued at bar, was that the succession of John Fried-rich owned seven different pieces of property; that the whole (all of them) should have been partitioned, and not one only.
The property was acquired by John Fried-rich during the community of acquets and gains existing between him and his wife, Mrs. Anastasia Friedrich (born Rienerth), by purchase from the succession of Louis F. Dahm, by act before notary in the year 1860.
The wife, Mrs. Anastasia Friedrich, died in 1885, bequeathing the disposable portion of her estate to her husband, John Friedrich.
There were seven children born of their marriage. One of the number died, Albert Louis Friedrich, in 1899, and he also left seven children, two of whom are majors and five minors, who inherit from the succession of their grandfather, John Friedrich, by right of representation of'their father, Albert Louis Friedrich.
John Friedrich and his children of age, on the 15th day of June, 1902, filed a petition setting forth that they, with the minor children of Albert. Louis Friedrich,, who are Laura E. Friedrich, Milford Friedrich, Edwin B. Friedrich, Robert L. Friedrich, and Stella Friedrich, were owners in common of the property of the succession.
Of real estate, the succession consists, as before stated, of seven different pieces of property, situated in New Orleans.
A family meeting was convened on behalf of the interest of the minors before named, and advised that the property could not be divided in kind, and that, in consequence, it was necessary to sell the property at public sale, in order to effect a partition, and fix the terms and conditions of the sale. The proceedings were duly homologated, and a judgment rendered decreeing the sale for purpose of a partition.
Prior to holding the family meeting, experts had been appointed, and they recommended that the property could not very well be divided in kind. And prior to this an inventory had been made showing what property composed the assets of the succession.
To this point we consider the proceedings regular enough. The attacks made upon them are neither sustained by law nor .fact.
We come to the objection urged to the partition of one lot, and the insistence that all the lots should have been partitioned.
Whatever may be the rights of parties if urged when application is made for the partition, we feel certain that as between the buyer and the owners it is not an irregularity, even if it be an irregularity between the parties.
No one complains the judgment ordering the property to be sold has become final. Third persons have no interest to raise the objection raised here. The buyer here, we have seen, was a third person. The adjudicatee of the property certainly has no good ground upon which to object. The possibility of litigation does not suggest itself. The proceedings are regular as to the one lot Mrs. Thalsheimer bought. She is not concerned in the other lots; whether they are irregularly divided or not divided at all is nothing to her.
After a most careful examination into their merits, we have concluded that the issues presented by defendant in rule have none, and that the judgment should be affirmed.
For reasons assigned it is affirmed, at appellants’ costs.